UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN RAY LEWIS,

Plaintiff,

v.

STATE OF CALIFORNIA, *et al.*,

Defendants.

Case No. 2:21-cv-01575-JAM-JDP (PS)

ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*

ECF No. 2

SCREENING ORDER THAT PLAINTIFF:

(1) STAND BY HIS COMPLAINT SUBJECT TO DISMISSAL, OR

(2) FILE AN AMENDED COMPLAINT

ECF No. 1

THIRTY-DAY DEADLINE

Plaintiff moves to proceed without prepaying filing fees. ECF No. 2. His affidavit satisfies the requirements to proceed in such manner, *see* 28 U.S.C. § 1915(a), and so the motion, ECF No. 2, is granted.

**Screening and Pleading Requirements**

This complaint is subject to screening under 28 U.S.C. § 1915(e). That statute requires the court to dismiss any action filed by a plaintiff proceeding *in forma pauperis* that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff brings this action against six defendants—the State of California, California Department of Fish and Wildlife, Mitchell R. Carlson, Judge Anthony Anderson, Stephanie Bridgett, and George Perrault III. ECF No. 1 at 1. His nineteen-page complaint consists largely of legal conclusions and "sovereign citizen"-type ideological rhetoric, and it is difficult to identify the factual basis for his claims.[1] As far as I can discern, plaintiff alleges that in April 2021, defendant Carlson, an officer with the California Department of Fish and Wildlife, stopped his vehicle and asked him "how the fishing was." *Id.* at 14. Carlson also blocked the road, which

[1] Individuals adhering to a sovereign citizens ideology typically "believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *United States v. Alexio*, CR No. 13-01017-JMS, 2015 WL 4069160, at *2 (D. Haw. July 2, 2015)

apparently caused plaintiff emotional distress. *Id*. at 15. At some point, Carlson issued plaintiff a citation for violation of a fishing regulation. *Id*. at 11, 14. A state court case related to that citation was subsequently commenced in the Shasta County Superior Court. *Id*. at 15. The case was assigned to Judge Anderson, who ordered plaintiff to pay a fine. *Id*. at 9, 15-17. Plaintiff now seeks to challenge the citation and resulting fine, alleging that they are part of an unconstitutional scheme to generate revenue. The complaint appears to allege claims for violation of the Fourth and Fourteenth Amendments, 18 U.S.C. § 241, as well as various state law claims. *Id.* at 6-8, 14, 16. None of these claims can proceed past screening.

As an initial matter, the complaint alleges no wrongdoing against defendants Bridgett and Perrault. Consequently, plaintiff fails to state a claim against those defendants. As for the remaining defendants, plaintiff's allegations are too vague and conclusory to state a claim. Although plaintiff references the Fourth Amendment and alleges that he was not afforded due process, he does not explain how defendants violated his constitutional rights. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). He also cannot state a claim for violation of 18 U.S.C. § 241, which is a criminal statute that does not provide for a private right of action. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that 18 U.S.C. § 241 provides "no basis for civil liability").

Furthermore, plaintiff's claims, which appear to challenge the state court's imposition of the fine, are barred by the *Rooker-Feldman* doctrine. *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) ("Stated plainly, *Rooker-Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims."). Moreover, the state of California, the California Department of Fish and Wildlife, and Judge Anderson are entitled to immunity. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts."); *Aholelei v. Dep't. of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh

Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities.").

Plaintiff's state law claims also cannot proceed past screening. Plaintiff has yet to state a viable federal claim, and the complaint suggests that diversity of citizenship—a requirement for diversity jurisdiction—is lacking.[2] *See* 28 U.S.C. §§ 1331, 1332(a). Accordingly, the court lacks original jurisdiction over the state law claims, and there is no basis for exercising supplemental jurisdiction over those claims. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *Jones*, 733 F.2d at 651 ("When federal claims are dismissed before trial, . . . pendent state claims also should be dismissed.").

I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ordered that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

3. Failure to comply with this order will result in the dismissal of this action.

---

[2] All parties appear to be citizens of California. ECF No. 1 at 1.

IT IS SO ORDERED.

Dated: May 18, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE